## IN THE COUNTY COURT OF THE 10TH JUDICIAL CIRCUIT
## IN AND FOR POLK COUNTY, FLORIDA

HECTOR GARCIA,

    **Plaintiff,**

v.

DYNAMIC RECOVERY SOLUTIONS LLC,

    **Defendant.**

_____/

Case No.:

**JURY TRIAL DEMANDED**

**INJUNCTIVE RELIEF SOUGHT**

## COMPLAINT

Plaintiff Hector Garcia ("Plaintiff") sues Defendant Dynamic Recovery Solutions LLC ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"),

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Polk County, Florida.

3. The amount in controversy is greater than $8,000 exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Polk County Florida.

PAGE | **1** of **7**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Polk County, Florida.

6. Defendant is a Florida Limited Liability Company, with its principal place of business located in 135 Interstate Boulevard Suite 6, Greenville SC 29615.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8. On or about December 23, 2020, Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment that required medical treatment and/or services (the "Work-Injury").

9. On or about December 23, 2020, Phoenix Emergency Services of Inverness, LLC ("Phoenix Emergency") provided Plaintiff with a portion of the required medical services needed to treat the Work-Injury, whereby the only medical services provided to Plaintiff by Phoenix Emergency were for the treatment of the Work-Injury.

10. At the time Phoenix Emergency provided its respective medical services to Plaintiff, Plaintiff informed Phoenix Emergency that the sought treatment was for the Work-Injury.

11. Phoenix Emergency charged a fee for the provision of its (Phoenix Emergency's) respective medical services for treatment of the Work-Injury (the "Consumer Debt").

12. The Consumer Debt arose from Plaintiff's work-related accident and injuries.

13. Phoenix Emergency knew that payment of the Consumer Debt was the responsibility of Plaintiff's employer and/or the insurance carrier of Plaintiff's employer.

PAGE | 2 of 7

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

14. Phoenix Emergency knew that payment of the Consumer Debt was not Plaintiff's responsibility.

15. Phoenix Emergency knew that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff.

16. On a date better known by Phoenix Emergency, Phoenix Emergency sold the Consumer Debt to Pendrick Capital Partners, LLC ("Pendrick Capital"), whereby Pendrick Capital became the newly Assigned Creditor of the Consumer Debt.

17. Thereafter, and despite knowing that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff, Pendrick Capital contacted Dynamic Recovery Solutions LLC ("Defendant") to collect, or attempt to collect, the Consumer Debt from Plaintiff.

18. On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff.

19. **Defendant** is a business entity engaged in the business of soliciting consumer debts for collection.

20. **Defendant** is a business entity engaged in the business of collecting consumer debts.

21. **Defendant** regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

22. **Defendant** is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

23. **Defendant's** "Consumer Collection Agency" license number is CCA9901452.

24. **Defendant** maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

25. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

26. For Defendant's "Consumer Collection Agency" license to remain valid, Defendant is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

27. Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

28. Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

29. On a date better known to Defendant, Defendant sent a collection letter, internally dated March 11, 2021, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

30. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

31. The Collection Letter represents an action to collect a debt by Defendant.

32. Defendant, by way of the records which it (Defendant) is required to maintain to retain a valid Consumer Collection Agency license with the Florida Department of State, knew that the Consumer Debt arose from the treatment of the Work-Injury and otherwise knew that it (Defendant), as well as Assigned Creditor Pendrick Capital, did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff.

## COUNT I.
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

33. Plaintiff incorporates by reference paragraphs 1-32 of this Complaint as though fully stated herein.

34. Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…."

35. Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter."

36. An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

37. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*." 15 U.S.C. § 1692e(2)(A). (emphasis added).

38. As stated above, Defendant mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. The Collection Letter falsely represents that Plaintiff is responsible for the repayment of the Consumer Debt. Here, Plaintiff is not liable or otherwise responsible for the payment of the medical services rendered by Phoenix Emergency, as such medical services were rendered to Plaintiff as a result of a work-related injury sustained by Plaintiff.

39.     Defendant by and through the Collection Letter, falsely represents the character of the Consumer Debt, *in that*, the Collection Letter falsely represents Consumer Debt as a debt which Plaintiff is solely responsible and/or otherwise obligated to pay.

40.     Further, by and through the Collection Letter, Defendant *falsely* represents the amount of the Consumer Debt, *in that*, the $708.00 sought by the Collection Letter exceeds the amount which Phoenix Emergency is entitled pursuant to the fee schedules and/or guidelines for services rendered to injured workers such as Plaintiff.

41.     Thus, by and through the Collection Letter, Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the *character* of the Consumer Debt, as well as by falsely representing the *amount* of the Consumer Debt.

**[The rest of this page left intentionally blank.]**

42. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a)    Statutory and actual damages as provided by 15 U.S.C. § 1692k;

    (b)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (c)    Any other relief that this Court deems appropriate under the circumstances.

DATED: May 7, 2021

Respectfully Submitted,

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136

**PAUL A. HERMAN, ESQ.**
Florida Bar No.: 405175
E-mail: paul@consumeradvocatelaw.com
CONSUMER ADVOCATES LAW GROUP, PLLC
4801 Linton Blvd., Suite 11A-560
Delray Beach, Florida 33445
Phone:    (561) 236-8851

**JOEL A. BROWN, ESQ.**
Florida Bar No.: 66575
E-mail: joel.brown@friedmanandbrown.com
FRIEDMAN & BROWN, LLC
3323 NW 55th Street
Fort Lauderdale, Florida 33309
Phone:    (954) 966-0111

*COUNSEL FOR PLAINTIFF*

# EXHIBIT "A"

Hector Garcia
145 Beverly Dr
Winter Haven, FL 33884-2002

March 11, 2021

**DYNAMIC RECOVERY SOLUTIONS**
Dynamic Recovery Solutions, LLC
135 Interstate Blvd. | Greenville, SC 29615

**DRS Reference Number: 956711286**
Original Creditor: PHOENIX EMERGENCY MEDICINE OF
Current Creditor: Pendrick Capital Partners, LLC
Current Creditor Reference Number: 019691525

Total Outstanding Balance: $708.00

Dear Hector Garcia,

Our client, Pendrick Capital Partners, LLC, has purchased your account from PHOENIX EMERGENCY MEDICINE OF. We have been asked to contact you regarding your past due account. Our Client has not received payment as of the date of this letter. Therefore, the account has been placed with our office for collection.

 You may resolve your account for **$177.00**. To accept, make your payment by **April 26, 2021**. We are not obligated to renew this offer.

 You may resolve your account for **$212.40** in 2 payments of **$106.20**. To accept, make your first payment by **April 26, 2021** and your second payment by **May 26, 2021**. We are not obligated to renew this offer.

 You may resolve your account for **$247.80** in 4 payments of **$61.95**. To accept, make your first payment by **April 26, 2021** and your second payment by **May 26, 2021** and your third payment by **June 25, 2021** and your fourth payment by **July 25, 2021**. We are not obligated to renew this offer.

The offers listed are not your only options. If you are unable to accept one of the offers, we take pride in working with consumers regardless of your current financial position. Please contact our office to discuss your options.

Customer Service: 800-688-5154
TTY: 800-877-8339

http://www.drscustomerportal.com/

PO BOX 25759
GREENVILLE, SC 29616-0759

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

The law limits how long you can be sued on a debt. Because of the age of your debt, Pendrick Capital Partners, LLC and Dynamic Recovery Solutions, LLC will not sue you for it and Pendrick Capital Partners, LLC will not report it to any credit reporting agencies.

Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again.

Sincerely,
Dynamic Recovery Solutions, LLC

---

Please Detatch And Return in The Enclosed Envelope With Your Payment.

Payment Options: Online - visit us at http://drs.qsiimpact.com/negotiator • Money Gram - use code 7153
Toll Free Phone: 800-688-6154 • Check or Money Order - payable to Dynamic Recovery Solutions

PO BOX 25759
GREENVILLE, SC 29616-0759

| TO PAY BY CREDIT CARD, PLEASE COMPLETE THE SECTION BELOW | VISA | | Check | Money Order |
|---|---|---|---|---|
| CARD NUMBER | | | EXP. DATE | |
| SIGNATURE | | | SECURITY CODE | |
| DRS REFERENCE NUMBER 956711286 | | CIRCLE PAYMENT OPTION 1 2 3 | AMOUNT | |

DYNAMIC RECOVERY SOLUTIONS
PO BOX 25759
GREENVILLE, SC 29616-0759

Hector Garcia
145 Beverly Dr
Winter Haven, FL 33884-2002



937623   00023847
D40P    DYNRS.wfd
Page 1 of 4



## PRIVACY NOTICE

Our client, Pendrick Capital Partners, LLC ("Pendrick CP"), has asked us to provide you with the information contained below.

This notice is being provided to you in compliance with the Gramm-Leach-Bliley Act.

This notice has no reflection or bearing upon the status of your account. For example, if your account has been settled, the balance has been paid, the balance has been disputed, or if you have filed for bankruptcy protection, the status of your account shall not change as a result of this notice.

The privacy and security of your personal information is important to Pendrick CP. Pendrick CP does not share information about you with anyone, except as permitted by law. This notice will inform you about Pendrick CP's policies and procedures concerning the personal information about that Pendrick CP obtains, maintains and discloses in connection with the accounts(s) of your that Pendrick CP owns. Pendrick CP collects nonpublic information about you that is obtained from one or more of the following sources.

1. Information Pendrick CP received from companies that sold Pendrick CP your account(s);
2. Information about your transactions with Pendrick CP's affiliates; and
3. Information from skip tracing companies and/or consumer reporting agencies.

INFORMATION PENDRICK CP MAY SHARE WITH PENDRICK CP AFFILIATES – Pendrick CP may share identification (such as name and address) information about Pendrick CP's transactions and experiences with you (such as payment history) and information that does not identify you, with Pendrick CP's affiliates. By sharing this information, Pendrick CP is better able to service your account(s).

INFORMATION PENDRICK CP MAY SHARE WITH NONAFFILIATED COMPANIES– Pendrick CP shares necessary information Pendrick CP collects about you as described above, with non-affiliated companies, involved in the servicing of your account(s), as permitted by the Fair Debt Collection Practices Act, or government agencies in response to an investigative demand, subpoena or court order, as required by applicable law.

Because Pendrick CP respects your privacy, Pendrick CP does not sell, trade or otherwise disclose your identity or any other personal information about you to third parties for their marketing. Pendrick CP does not share collected information about customers or former customers with third parties for any other purpose other than as described above, except as permitted by applicable privacy law.

CONFIDENTIALITY AND SECURITY OF YOUR ACCOUNT(S) - Pendrick CP restricts access to nonpublic personal information about you to only those employees who need to know such information, and third-party service providers who provide support services to Pendrick CP. Pendrick CP maintains physical, electronic and procedural safeguards to protect your personal information. If Pendrick CP uses other companies to provide services for Pendrick CP, Pendrick CP requires them to keep the information Pendrick CP shares with them safe and secure and Pendrick CP does not allow them to use or share information for any purpose other than the job they are hired to do.

SPECIAL NOTICE REGARDING COLLECTED INFORMATION SUBJECT TO THE FAIR DEBT COLLECTION PRACTICES ACT. This Privacy Notice is being sent to you by Pendrick CP in accordance with federal privacy law, and it describes our privacy practices generally. However, please be assured that collected information that is received or used for purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated only in accordance with that Act.

FURTHER INFORMATION: for additional information concerning Pendrick CP's privacy policy, you may write to Pendrick CP at: Pendrick Capital Partners, LLC Attn: Customer Service, 79 Warren Street, Suite 3, Glens Falls, NY 12801.